Thomas C. Wilwerth v. Commissioner.
Wilwerth v. Commissioner
Docket No. 49840.
United States Tax Court
T.C. Memo 1955-248; 1955 Tax Ct. Memo LEXIS 94; 14 T.C.M. (CCH) 987; T.C.M. (RIA) 55248; August 31, 1955
*94 Held, petitioner is entitled to deduct various expenses arising out of the operation of certain real property, title to which was held in the name of petitioner's wholly-owned corporation, since such corporation engaged in no business activity and is, therefore, to be regarded as a sham for the taxable year 1947. Salvatore Viscardi, Esq., for the petitioner. James J. Quinn, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income tax determined against Thomas C. Wilwerth (hereinafter referred to as petitioner) in the amount of $1,645.21 for the taxable year 1947. The sole issue to be decided is whether petitioner is entitled to claim, on his individual income tax return for 1947, a loss in the amount of $6,045.38 sustained from the operation of certain rental property, title to which was held during that year by petitioner's wholly-owned corporation. Respondent has conceded the deductibility of an item amounting to $67.45 which had been put in issue by the pleadings. Findings of Fact Petitioner resided in Brooklyn, New York, during the year 1947 and filed his individual income tax return *95 for that year with the collector of internal revenue for the second district of New York. In 1936, a personal friend of petitioner's, one Eleanor A. Vazenry, asked him to assist her in acquiring certain real property located at 158, 162, and 164 Prospect Place, Brooklyn, New York, in order that she might enter the rooming-house business. Petitioner was taken to see such property and agreed to purchase it, to allow Mrs. Vazenry to use it, and to eventually transfer title to her when she had made sufficient money to repay him. Upon the advice of Mrs. Vazenry's attorney, who handled negotiations for the purchase of the property, title was taken in the name of the Wilwerth Corporation. This corporation was organized, after petitioner had entered into the contract to purchase the property, in order to assure that petitioner would not be personally subject to liabilities which Mrs. Vazenry might incur in her rooming-house business. No capital stock was issued by the corporation. Petitioner personally paid the cash consideration for the property and the Wilwerth Corporation took title to the property subject to a purchase money mortgage which was given in the corporation's name. Mrs. *96 Vazenry operated the property as a rooming house until 1940, when she deserted it and disappeared. Thereafter, petitioner personally operated this real property as a rooming house. From the purchase of the property through the year here in issue, petitioner considered it as his own and reported all income and expenses with respect to such property on his individual income tax returns. No income tax returns were filed by the corporation and it maintained no bank account from its inception through the year 1947. In 1940, certain renovations were made on the property for rooming-house purposes, the funds being supplied by petitioner. Petitioner claimed the cost of such renovations as expenses on his individual income tax return for that year. Respondent determined that such amounts constituted the cost of capital improvements and, as a result, petitioner paid an additional income tax for the year 1940. In the latter part of 1945 or the early part of 1946, petitioner found that the 1940 capital improvements had been improperly made and he was compelled to close the building because of violations of city building regulations. Petitioner personally paid the fines which were imposed because *97 of such violations. In 1947, petitioner demolished the 1940 capital improvements in the course of renovating the building for the purpose of reopening the property as residential apartments. Petitioner claimed a deduction of $5,764.88 on his individual income tax return for that year for the depreciated cost of the improvements plus the expense of demolishing them. He also claimed a deduction of $280.50 for depreciation of the buildings. Returns were filed by the Wilwerth Corporation for the taxable year 1948 and for subsequent years. Respondent determined that no deductions were allowable on petitioner's individual income tax return for 1947 for the $6,045.38 operating loss claimed with respect to the Prospect Place property on the basis that such loss was attributable to the Wilwerth Corporation. The Wilwerth Corporation was not engaged in business activity prior to the end of the taxable year 1947. Opinion RICE, Judge: We must decide whether petitioner, an individual taxpayer, is entitled to deduct on his individual income tax return a loss arising out of the operation of certain real property, title to which is held by petitioner's wholly-owned corporation. Petitioner *98 contends that this wholly-owned corporation, the Wilwerth Corporation, was a sham up to and throughout the year 1947 and that it must be disregarded for tax purposes. He argues that, although title to the property here in issue was held in the corporation's name, he, personally, had previously reported all income and expenses of the property from its acquisition through the year 1947 whereas the corporation had filed no returns and had not even maintained a bank account for such years. He, therefore, urges that he, rather than the corporation, should be entitled to deduct a loss attributable to the operation of the property for the year 1947. A corporation must generally be regarded as a separate taxable entity distinct from its shareholders. ; ; ; . "The doctrine of corporate entity fills a useful purpose in business life. Whether the purpose be to gain an advantage under the law of the state of incorporation * * * or to avoid * * * or *99 to comply with * * * the demands of creditors or to serve the creator's personal or undisclosed convenience, * * * so long as that purpose is [the] equivalent of business activity or is followed by the carrying on of business by the corporation, the corporation remains a separate taxable entity." In the last cited case, the Supreme Court held that though the wholly-owned corporation which held title to the property there in issue had kept no books and maintained no bank account, the refinancing of the corporation's mortgage on the property plus subsequent sales and the rental of portions of the property constituted sufficient business activity by the corporation to require the reporting of gain on the sale of the property by the corporation rather than by its sole stockholder. However, we think the facts of the instant case bring it within the rule enunciated in (C.A. 2, 1945). In that case, it was held that the organization of a corporation in order to insulate the corporation's property from creditors of its stockholder did not constitute sufficient "business activity" *100 and, consequently, the corporation was to be regarded as a sham. The following statement of the Court, at page 337, is equally applicable to the facts in the instant case: "* * * [The corporation] however, was at all times but a passive dummy which did nothing but take and hold the title to the real estate conveyed to it. It served no business purpose in connection with the property and was intended to serve only as a blind to deter the creditors of one of the partners. It was but a sham to be disregarded for tax purposes. * * *" In the instant case, the Wilwerth Corporation was organized for the purpose of acquiring and holding title to the property in an attempt to insulate petitioner from any liabilities that the original operator of the rooming house might incur. However, other than that initial step, the acquisition of bare legal title to the property, no other signs of activity on its part have been shown. It maintained no bank account and filed no corporate income tax returns from its inception through the year 1947. During such years, petitioner reported the income and expenses attributable to the operation of the property on his individual income tax returns on the same *101 schedule on which he reported the income and expenses of various other real estate holdings. Moreover, as the result of a prior proceeding with respondent, petitioner was required to capitalize on his individual returns the original expense of installing the improvements which are here in issue. We, therefore, think that the Wilwerth Corporation is to be regarded as a sham for the year here in issue. See . Petitioner is accordingly entitled to deduct on his return for 1947 the various expenses arising out of the operation of the property, although legal title to such property was held in the name of the Wilwerth Corporation. Decision will be entered for the petitioner.